*103026 2175*

DISTRICT COURT
FILED
JUL 22 2015

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

DAMAN CANTRELL

15 JUL 22 PH 3:57

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

BRIDGETTE BROWN, )
 )
 )
Plaintiff, )
 ) Case No. CJ-2015-02714
v. )
 )
 ) ATTORNEY LIEN CLAIMED
 )
AMERICAN FAMILY HOME )
INSURANCE COMPANY, a Foreign )
Corporation, )
 )
Defendant. )

## PETITION

**COMES NOW** the Plaintiff, Bridgette Brown, and for her cause of action against the Defendant, American Family Home Insurance Company, states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a resident of the State of Oklahoma and resides in Tulsa County, Oklahoma.

2. Defendant American Family Home Insurance Company ("AFH") is a foreign corporation doing business in Oklahoma with substantial ties to Tulsa County, Oklahoma.

3. The accident and injury that gave rise to this litigation occurred in Tulsa County, Oklahoma.

4. As such, this Court has jurisdiction and venue is proper in Tulsa County, Oklahoma.

EXHIBIT
1

## STATEMENT OF FACTS

5. Paragraphs 1-4 are incorporated herein by reference.

6. On or around February 12, 2013 Plaintiff Brown was a passenger in a motor vehicle collision as a result of the negligence of another driver.

7. The vehicle Plaintiff was a passenger in at the time of her collision was covered by an insurance policy written by Defendant AFH.

8. On the date and time of the collision the insurance policy was silent regarding coverage for uninsured motorist ("UM") benefits and there was not a signed UM rejection form on file.

9. Defendant AFH had (and continues to have) a high degree of involvement with Plaintiff's claim, including investigating Plaintiff's loss and – upon information and belief based on representations made by Defendant – had primary control to direct Plaintiff and determine what payments, if any, would be made under the policy.

10. Plaintiff inquired with AFH about UM benefits for the injuries received on February 12, 2013 and was advised that the claim for UM benefits under the applicable AFH policy were being denied.

11. Upon information and belief that will be confirmed through discovery, AFH's compensation was, at all times relevant hereto, tied to premiums paid and the manner in which claims were adjusted, meaning the approval or denial of claims.

12. Upon information and belief that will be confirmed through discovery, AFH assumed the risk for its determinations.

13. As of the date of this filing, Defendant has failed to tender any and all sums due and owing.

## CAUSE OF ACTION

### COUNT I.  BREACH OF CONTRACT AGAINST AFH INSURANCE COMPANY

14. Paragraphs 1-13 are incorporated herein by reference.

15. Plaintiff had a policy of uninsured/underinsured motorist coverage with Defendant AFH for the motorcycle she was riding on as a passenger.

16. That, at the time of the collision, the third party liable for said accident was underinsured by operation of law.

17. That pursuant to the terms of the policy of insurance with Defendants AFH this is a factual situation wherein the Uninsured/Underinsured motorist coverage, contained in said policy with Defendants AFH applies to the collision involving and injuries sustained by Plaintiff.

18. Plaintiff has requested Defendant tender payment under the policy and Defendant has failed to do so. Plaintiff has performed all conditions precedent under the policy.

19. Defendant AFH has breached its contract of insurance and has wholly refused or neglected to pay Plaintiff the value of her damages. This failure constitutes a breach of contract of the insurance policy, and Plaintiff is entitled to a judgment against Defendant AFH for the personal injuries sustained while covered by such contract.

### COUNT II.  BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING AGAINST AFH INSURANCE COMPANY

20. Paragraphs 1-19 are incorporated herein by reference.

21. Plaintiff, through operation of law, had a policy of uninsured/underinsured motorist coverage with Defendant AFH on the motorcycle for which she was a passenger.

22. Plaintiff has requested Defendant AFH tender any and all applicable polices of uninsured/underinsured motorist coverage.

23. As of the filing of this action, Defendant has yet to tender any UM benefits owed to Plaintiff.

24. Defendant AFH owed a duty to deal fairly and in good faith with Plaintiff in the handling of her claim for insurance benefits.

25. In their handling of Plaintiff's claim under the insurance policy, and as a matter of routine practice in handling similar claims, Defendant AFH breached its duty to deal fairly with and act in good faith towards Plaintiff and others in the following respects:

   a. Failing to pay Plaintiff the insurance benefits that she was entitled to under the policy at the time when Defendant knew the Plaintiff was entitled to those benefits;

   b. Withholding payment of benefits to the Plaintiff knowing that Plaintiff's claim for those benefits was valid;

   c. Refusing to honor Plaintiff's claim without a legitimate, arguable reason and wholly lacking any evidence or support for its refusal;

   d. Unreasonably delaying payment of some benefits and denying Plaintiff's claim for some benefits without a reasonable basis;

   e. Refusing to pay Plaintiff's claim for reasons contrary to the express provisions of the law;

   f. Intentionally and recklessly misapplying the provisions of the insurance policy;

    g. Using its unequal wealth and bargaining position to overwhelm and take advantage of the Plaintiff and to effect an economic gain for the Defendants by not paying an amount that it owed by virtue of the insurance contract;

    h. Failing to properly investigate the Plaintiff's claim for benefits;

    i. Failing to properly evaluate the investigation that was done on Plaintiff's claim for benefits;

    j. Failing to adopt and implement reasonable standards for the prompt investigation and handling of claims arising under the policy including the claims of the Plaintiff; and

    k. Failing to attempt to act in good faith to effectuate a prompt, fair settlement for the Plaintiff's claim.

26. As a direct result of Defendant's breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered the loss of the insurance policy benefits, mental and emotional distress, anxiety, embarrassment, medical expenses and financial hardship.

**COUNT III – PUNITIVE DAMAGES AGAINST AFH INSURANCE COMPANY**

27. Paragraphs 1-26 are incorporated herein by reference.

28. Defendant has acted intentionally, maliciously and/or with reckless disregard for the rights of the Plaintiff.

29. Accordingly, Plaintiff is entitled to recovery punitive damages against Defendants for their actions set forth herein in an amount in excess of $75,000.00.

**WHEREFORE**, based on the foregoing, Plaintiff prays that this Court grant the relief sought including, but not limited to, actual damages in excess of seventy-five thousand dollars ($75,000.00), with interest accruing from date of filing of suit, punitive damages and all other relief deemed appropriate by this Court.

Respectfully submitted,

**SMOLEN, SMOLEN & ROYTMAN, PLLC**

Donald E. Smolen, II OBA# 19944
Mark L. Miller OBA# 19889
701 South Cincinnati Avenue
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 (Fax)
www.ssrok.com
Attorney for Plaintiff